UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| VERLENER CORPORATION, | ) | CASE NO. 09 B 38786 |
| | ) | |
| DEBTOR. | ) | JUDGE BRUCE W. BLACK |

### MOTION TO DISMISS CHAPTER 11 CASE

NOW COMES WILLIAM T. NEARY, the United States Trustee for the Northern District of Illinois (U.S. Trustee), by his attorney, M. Gretchen Silver, and pursuant to §1112 of the Bankruptcy Code, 11 U.S.C. §§101 et seq. (Code), moves for entry of an order dismissing this case. In support thereof, the U.S. Trustee states:

1. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. §157(b)(2)(A) which this Court may hear and determine pursuant to Rule 2.33 and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. The Debtor commenced this case on October 16, 2009, by filing its voluntary petition for relief under Chapter 11 of the Code, and has remained in possession and control of its assets and continues to operate its business pursuant to §§1107 and 1108 as debtor-in-possession.

3. The Debtor is engaged in the business of owning one property, which is leased. The Debtor's sole source of income is rent from the property. Debtor has no other source of income and does not conduct any other business.

4. The Debtor has only one creditor, which is the secured lender on the property.

5. The creditor requested and was granted relief from the automatic stay on November 18, 2009. Therefore, there is no reasonable likelihood of reorganization in this case.



EXHIBIT S

6.  Based on the foregoing, the U.S. Trustee believes that due cause exists to dismiss this case, pursuant to §1112(b) of the Code.

7.  The U.S. Trustee requests that in the required notice be limited to that given because the sole creditor has been granted relief and no further purpose is served by the continuation of this case.

**WHEREFORE**, the U.S. Trustee prays for an order dismissing this case, and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

WILLIAM T. NEARY
UNITED STATES TRUSTEE

DATED: November 19, 2009      BY:   /s/ M. Gretchen Silver
                                    M. Gretchen Silver
                                    OFFICE OF THE U.S. TRUSTEE
                                    219 S. Dearborn Street
                                    Room 873
                                    Chicago, Illinois 60604
                                    (312) 353-5054

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| VERLENER CORPORATION, | ) | CASE NO. 09 B 38786 |
| | ) | |
| DEBTOR. | ) | JUDGE BRUCE W. BLACK |

## NOTICE OF MOTION

To:  See Attached Service List

    PLEASE TAKE NOTICE that on **Monday, November 30, 2009, at 9:30 a.m.**, I shall appear before Bruce W. Black, Bankruptcy Judge, in Courtroom 615, at the Dirksen Federal Courthouse, 219 South Dearborn, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present a **MOTION TO DISMISS CHAPTER 11 CASE**, at which time you may, but need not appear. This hearing may be continued from time to time without further notice to you other than the announcement in open Court of the continued date, a copy of which is attached and served on you.

                                                        */s/ M. Gretchen Silver*
                                                        M. Gretchen Silver
                                                        OFFICE OF THE U.S. TRUSTEE
                                                        219 South Dearborn Street
                                                         Room 873
                                                         Chicago, Illinois 60604
                                                         (312) 353-5054

## CERTIFICATE OF SERVICE

    I, M. Gretchen Silver, an attorney, state that pursuant to Local Rule 9013-3(D) the above **Notice of Motion** and **U.S. Trustee's Motion to Convert Or Dismiss Case** were filed on November 19, 2009, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent via First Class Mail to the address(es) indicated on November 19, 2009.

                                                                        */s/ M. Gretchen Silver*

**Registrants Served Through the Court's Electronic Notice For Registrants:**

Ernesto D Borges: aferreria@bill-busters.com, BillBusters@BestClientInc.com

Francis J. Pendergast: fpendergast@crowleylamb.com, shurley@crowleylamb.com

**Parties Served via First Class Mail:**

District Counsel
Internal Revenue Service
200 West Adams/23rd Floor
Chicago, IL 60604
Attn: Asst. Dist. Counsel (Gen Lit.)

James Newbold, Esq.
Office of the Attorney General
Revenue Litigation Division
100 West Randolph Street
Chicago, IL 60601

District Director
Post Office Box 745
Chicago, IL 60690
Attn: C:SPf:B/C:Edna Poe

Joel Nathan Esq.
United States Attorney's Office
Civil Division
219 South Dearborn Street
14th Floor
Chicago, IL 60601

**See attached Mailing Matrix**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 09-38786<br>Northern District of Illinois<br>Chicago<br>Thu Nov 19 10:09:27 CST 2009 | Bank Financial F.S.B.<br>15W060 North Frontage Rd.<br>Willowbrook, IL 60527-6928 | BankFinancial FSB<br>15W060 N. Frontage Road<br>Burr Ridge, IL 60527-6928 |
| Bruce W. Black<br>Chicago, IL 60604 | Ernesto D Borges<br>Law Offices of Ernesto Borges<br>105 W Madison Street<br>23rd Floor<br>Chicago, IL 60602-4647 | Crowley & Lamb, P.C.<br>350 N. LaSalle St.<br>Suite 900<br>Chicago, IL 60654-5136 |
| Helen Crawley<br>7851 South Shore Drive<br>Chicago, IL 60649-5390 | William T Neary<br>~~Office of the U.S. Trustee, Region 11~~<br>~~219 S Dearborn St~~<br>~~Room 873~~<br>~~Chicago, IL 60604-1702~~ | Francis J. Pendergast III<br>Crowley & Lamb<br>350 N. LaSalle Street<br>Suite 900<br>Chicago, IL 60654-5136 |
| Unicorn Oil Corporation<br>PO Box 495916<br>Chicago, IL 60649-5916 | Verlener Corporation<br>10115 S. Torrence Ave.<br>Chicago, IL 60617-5360 | End of Label Matrix<br>Mailable recipients    10<br>Bypassed recipients    0<br>Total    10 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 PROCEEDING |
| | ) | |
| VERLENER CORPORATION, | ) | CASE NO. 09 B 38786 |
| | ) | |
| DEBTOR. | ) | JUDGE BRUCE W. BLACK |

### ORDER OF DISMISSAL

This matter coming to be heard on a motion of the United States Trustee pursuant to 11 U.S.C. §1112(b) to dismiss this Chapter 11 case, due notice having been given and the Court being fully advised in the premises:

NOW THEREFORE, IT IS HEREBY ORDERED that this Chapter 11 case shall be and hereby is dismissed.

IT IS FURTHER ORDERED that the Debtor shall promptly pay $ 325.00 to the U.S. Trustee for fees incurred under 28 U.S.C. §1930 during the pendency of this case.

DATED: November 30, 2009        ENTER: _____
The Honorable Bruce W. Black
UNITED STATES BANKRUPTCY JUDGE

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

BankFinancial, FSB, a United States corporation

Plaintiff,

vs

Verlener Corporation, an Illinois corporation; Unicorn Oil Corporation, an Illinois corporation; Helen Crawley; Unknown Owners and Non-Record Claimants

Defendants.

No. 09 CH 19557

## ORDER

THIS CAUSE coming to be heard on the Verified Petition of BankFinancial, FSB's, ("Plaintiff" or "BankFinancial") for Order Appointing S.L. van der Zanden of RE Solutions., as Receiver for the Property, which is the subject of Plaintiff's Complaint in Mortgage Foreclosure and commonly known as 10115 South Torrence Avenue, Chicago, IL 60617 (the "Real Estate"), as well as all business assets of Unicorn Oil Corporation and Verlener Corporation, an Illinois corporation, (collectively with the Real Estate, the "Property") due notice having been given and the Court having jurisdiction of the parties and subject matter and being fully advised in the premises.

THE COURT FINDS:

a. The Plaintiff, BankFinancial, filed its Complaint in Mortgage Foreclosure, seeking foreclosure of its mortgages on the property commonly known as 10115 South Torrence Avenue, Chicago, IL 60617 in its Complaint.

b. Plaintiff seeks by the instant motion, entry of an order appointing a Receiver for the Property pursuant to 735 ILCS 5/15-1701.

c. That right to possession by Mortgagee is mandatory in nature, authorized by the terms of the Mortgages, Commercial Security Agreement, Business Loan Agreement and by statute.

d. The Plaintiff is authorized by the Mortgages, Commercial Security Agreement, and Business Loan Agreement involved in its complaint, as well as the Illinois Mortgage Foreclosure Act, to seek possession of the Property and has by its Petition, sought and designated S.L. van der Zanden of RE Solutions., as Receiver for the Property.

e. That based on the Complaint and the verified Petition to Appoint Receiver, the Court is satisfied that there is a reasonable probability that the Plaintiff will prevail on a final hearing in this cause and further that the Mortgagor has failed to show good cause why a Receiver should not be appointed.

f. That based on the curriculum vitae attached to the Petition, S. L. van der Slanden

appears to be qualified, is not a party, nor related to a party hereto, and is a proper person to act as Receiver herein and are hereby approved.

IT IS HEREBY ORDERED:

1. The Verified Petition of BankFinancial for Order Appointing S. L. van der Slandenas Receiver, be and hereby is granted and S.L. van der Zanden of RE Solutions., is appointed Receiver for the Property of Unicorn Oil Corporation and Verlener Corporation, an Illinois corporation, to have all powers and duties provided for in Section 15-1704 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1704) and provided for in the Mortgages, Commercial Security Agreement, Business Loan Agreement, and without limiting the generality of the foregoing, to take possession of and to take charge of the Property, including, but not limited to all proceeds, rents and profits which are in the possession of any Defendant, or their agents, and all personal property, assets, accounts receivables, bills, notes, and chouses and action, and all other property of any kind wherever the same may be located and used in connection with the operation of the Property, and reduced same to possession and to collect all outstanding accounts, bills, receivables, leases, rents, bank accounts, chouses and action or evidence of the indebtedness and to bring suit to recover same in his own name.

2. That all Defendants, or any other party in control of said documents or cash, shall turn over to Plaintiff, or to the Receiver, all cash and income which they have collected from the Property and which is in their possession or control, including the funds and any bank account established for the Property. Each Bank in which such an account is in existence or maintained is hereby ordered to turn over all funds in such accounts to the Receiver. Upon such turn over, each such Bank is discharged from further responsibility to account to any Defendant for funds for which the Receiver has given a receipt.

3. That Defendants Unicorn Oil Corporation and Verlender Corporation; and their agents, representatives and employees, shall turn over to the Receiver, within one (1) business day after the entry of the Order, the following:

(a) All income and rentals collected on the Property after ~~October 16, 2009~~ 12/22/09;

(b) All contracts or agreements regarding the operation, management, sale, leasing and control of the Property, or any portion of same;

(c) Copies of all franchise agreements, licenses, permits and other agreements in connection with the operation, management and control of the Property, or any portion of same;

(d) All contracts and insurance policies with respect to the Property, and all documents pertaining to real estate taxes, including notices and bills;

(e) All documents, records relating to all employees at the Property, including payment records and other reports.

(f) All documents, contracts, bills, notices and the like, related to the current condition, operation and maintenance of the Property, including, but not limited to, those related to contracts to improve or construct improvement to the Property or relating to any persons employed to maintain, secure or repair the Property;

(g) List of all current litigation or regulator proceedings related to or involving the Property, including, but not limited to, identification of case, court, parties and their counsel for (1) abatement of taxes or reduction of assessments, or otherwise related to real estate taxes, (2) recover by mechanic's lien claimants, (3) building code violations or zoning enforcement actions; and (4) any other litigation or legal or related proceedings;

(h) All keys to, and for usage at, or to operate, repair and maintain, the Property, as well as all building permits, plans, specifications, contracts or agreements in connection with the construction or improvement of the Property;

(i) All other books and records in each of their possession, custody or control pertaining to the current operation of, condition of, management of, the Property, not limited to, surveys, plans and/or specifications, drawings and the like.

4. That Defendants Unicorn Oil Corporation and Verlender Corporation; and their agents, representatives and employees and each of their agents, representatives and assigns, shall not interfere in any way with the powers, authorities, or duties of the Receiver, and shall promptly and fully cooperate with the Receiver in connection with the foregoing and with the Receiver's performance and assumption of its possession of the Property, the Receiver's duties, powers and authorities, and the Receiver's control, operation and maintenance of the Property.

5. That the Receiver shall be entitled to continue in effect the existing insurance on the Property and all such insurance companies shall add the Receiver and Receiver's designated property manager and leasing agents as additional insureds under such polices.

6. That the Receiver shall file with this court summary reports of his activity. The Receiver shall provide the reports to any party who requests the same in writing. The first such report shall include the partial month, if any, in which the Receiver is appointed under this Order. The Receiver shall file a final report within 30 days after termination of the Receivership. The Receiver's schedule of fees and expenses shall be subject to court approval at the time the Receiver seeks payment of fees and reimbursement for expenses.

7. That in order to assist the Receiver in the performance of its duties, the Defendants and their agents shall turn over to the Receiver all records in their possession relating to the Property and shall not remove any records, property or funds from the Property or from any bank account