**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNICORN OIL CORPORATION | ) | Case No. 10-02135 |
| | ) | |
| Debtor and Debtor in Possession. | ) | The Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing: |

**INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL**

This cause has come to be heard on the Debtor's Motion for Order Authorizing and Restricting Use of Cash Collateral (the "Motion"). Due notice having been given, the Court, having reviewed the Motion and the exhibits thereto, having conducted a preliminary hearing on the Motion as provided for under Section 363(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), having considered the evidence presented by the Debtor in support of the Motion and the arguments and statements of counsel at such hearing, having considered relevant matters in the above-captioned bankruptcy case, and being otherwise fully advised in the premises, finds as follows:

  A. Adequate and sufficient notice of the Motion has been provided to all persons entitled thereto UNDER Rule 2002 and 4001 of the Bankruptcy Rules and no further notice of the Motions is necessary.

  B. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

  C. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ l334 and 157.

  D. On March 24, 2009 (the "Petition Date"), Unicorn Oil Corporation. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued in operation and control of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

E. In the Motion, the Debtor seeks authority to use Debtor's pre-petition cash and accounts, as well as the proceeds from the sale of Debtor's pre-petition inventory and the collection of Debtor's pre-petition receivables in the ordinary course of business ("Cash Collateral as defined below) in which various entitles have asserted a secured claim. The IRS has filed a secured claim in the amount of $13,842.96 secured by all rights title and interest to any property of the Debtor. (See Claim 2-1). Harris Bank claims to hold a first priority secured interest in all of Debtor's receivables, in a 2004 Kenworth Truck with a 4000 gallon bulk oil tank (valued at $100,000) and all inventory in the amount of $103,642.85 plus accrued interest, fees costs and other applicable charges. After Harris Bank, Bank Financial also claims a secured interest in the amount of $374,303.00 in Debtor's inventory and in the Kenworth truck, as well as in the Debtor's commercial property, worth about $550,000.

F. The Debtor asserts that the claims of all three secured creditors, totaling **$729,354**, are adequately protected by the "equity cushion" demonstrated by the value of the pre-petition collateral listed on Schedules A and B. Just five of such items of such collateral, total **$1,112,000**:

1. Real property: $550,000

2. Truck: $100,000

3. Inventory: $40,000

4. Receivables: $22,000

5. Intellectual Property: $400,000

2

G. Pursuant to Section 363(c)(2) of the Bankruptcy Code, in addition to the equity cushion securing all three interests, the Debtor proposes that all three secured creditors be "adequately protected" as follows:

1. The IRS will maintain its priority status among secured creditors and will be paid, pursuant to Debtor's plan, before any other secured creditors are paid.

2. Prior to and after confirmation of the Plan, Harris Bank will receive regular monthly payments due under the financing agreement for the purchase of the Kenworth Truck.

3. Prior to and after confirmation of the Plan, Bank Financial will receive regular monthly payments due under the financing agreement for the purchase of 10115 S. Torrence Ave., Chicago, IL 60617.

H. The Debtor requires the use of the Cash Collateral (as defined below) in order to continue to operate. Without the use of the Cash Collateral, the Debtor's estate may suffer irreparable harm in that the Debtor's business may diminish, and the Debtor may not be able to continue to serve its remaining customers and may not be able to reorganize. .

I. It is in the best interests of the Debtor's estate and its creditors that the Debtor be allowed to use the Cash Collateral on the conditions set forth herein.

<u>IT HEREBY IS ORDERED:</u>

1. As used herein, "Cash Collateral" shall mean all cash, negotiable instruments, securities, deposit accounts, accounts receivable, or other cash equivalents derived from the Pre-Petition Collateral, including income and the net proceeds from the normal course of business by Debtor.

2. Subject to the terms and conditions of this Order, the Debtor is hereby authorized to use Cash Collateral, including accounts receivable, to pay on-going business expenses of the

3

Debtor, including but not limited to salaries, wages, product costs, insurance, taxes, and professional fees.

3. Additionally, Debtor is authorized, if need be, to negotiate a reasonable repayment of post-petition obligations to any of its utilities.

4. The Debtor's right to use the Cash Collateral under this Order shall cease and terminate immediately, and without further notice, upon the earliest of: (a) entry of an order converting this case under Chapter 7 of the Bankruptcy Code; (b) entry of an order dismissing or suspending this case; or (c) entry of an order in this case appointing a trustee under Section 1104 of the Bankruptcy Code.

5. The rights and obligations of the Debtor and the rights and claims of secured creditors arising under this Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens and priorities existing as of the Petition Date.

6. The secured creditors shall not be allowed to pursue their claims against any guarantor of the debts.

7. The provisions of this Order shall be binding upon and inure to the benefit of the secured creditors and the Debtor, and their respective successors in interest and assigns under applicable law.

8. This Order is immediately valid and fully effective upon its entry. The Court shall retain jurisdiction to resolve all disputes and controversies regarding the interpretation or implementation of this Order.

9. This Order shall be governed by, and construed in accordance with, the laws of the State of Illinois and the laws of the United States.

Dated:                         BY THE COURT

                                                  _____
                                                  The Honorable Jack Schmetterer
                                                  Bankruptcy Judge

Prepared by:
FORREST L. INGRAM P.C.

5