**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNICORN OIL CORPORATION | ) | Case No. 10-02135 |
| | ) | |
| Debtor and Debtor in Possession. | ) | The Honorable Jack B. Schmetterer |
| | ) | |

**NOTICE OF FILING**

To:   See attached service list

    PLEASE TAKE NOTICE that on Thursday, March 11, 2010 the undersigned filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, UNICORN OIL CORPORATION'S RESPONSE TO BANKFINANCIAL'S MOTION TO MODIFY THE AUTOMATIC STAY, a copy of which is enclosed and is herewith served upon you, and at which time and place you may appear and be heard.

                                                         /s/ Michael V. Ohlman_____
                                                         One of Debtor's attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

**CERTIFICATE OF SERVICE**

I, Michael V. Ohlman, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document to which it refers, on all parties entitled to service at the address listed below, by electronic filing through ECF or by fax, as set forth on the attached service list, at or before 5:00 p.m. on March 11, 2010.

                                                         /s/ Michael V. Ohlman

## SERVICE LIST

**VIA FACSIMILE**

**Unicorn Oil Corporation**
**10115 South Torrence Ave**
**Chicago, Illinois 60617**

**By ECF Notice:**

**William T. Neary**
**Office of the U.S. Trustee, Region 11**
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

**BankFinancial, FSB**
c/o Francis J. Pendergast, III
CROWLEY & LAMB, P.C.
350 North LaSalle Street, Suite 900
Chicago, Illinois 60654

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNICORN OIL CORPORATION | ) | Case No. 10-02135 |
| | ) | |
| Debtor and Debtor in Possession. | ) | The Honorable Jack B. Schmetterer |
| | ) | |

**UNICORN OIL CORPORATION'S RESPONSE TO BANKFINANCIAL'S
MOTION TO MODIFY THE AUTOMATIC STAY**

NOW COMES the Debtor and Debtor in Possession UNICORN OIL CORPORATION (the "Debtor"), by and through its attorneys, Forrest L. Ingram, P.C., and for its response to BankFinancial's Motion to Modify the Automatic Stay states as follows:

1. The Debtor is an Illinois corporation having its principal offices at 10511 South Torrence Avenue, Chicago, IL 60617.

2. On January 21, 2010, the Debtor and Debtor in Possession filed its petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.  The Debtor has retained possession of its assets and has continued the operation and management of its business.

3. On February 11, 2010, the Internal Revenue Service ("IRS") filed a claim in the amount of $14,713.77.  The IRS claims that it has a first priority secured debt over all Real Estate, Motor Vehicles and other property of the Debtor in the amount of $13,842.96.   (See Claim 2-1).

4. On February 18, 2010, BankFinancial FSB ("BFFSB") filed its Motion to lift the stay. BFFSB claims that it is entitled to relief from 11 U.S.C. sec. 362 because there is a lack of adequate protection and "other" causes.  (See Docket no. 15, "Statement Accompanying Relief from Stay").   It is important to note that BFFSB's sole motion seeks to lift the stay on two

1

separate loan agreements that the Debtor alleged signed at different times and that are secured by unrelated collateral.

5. The original loan BFFSB seeks to lift the stay on stemmed from a mortgage agreement entered into with the Debtor for $375,000. The mortgage agreement encompasses property located at 10115 South Torrence Ave, Chicago, Illinois. BFFSB claims the mortgage is currently in default.

6. BFFSB also seeks relief from a second loan the two parties allegedly entered into on March 8, 2006. The second loan is scheduled to mature on March 8, 2011, but BFFSB now claims that it accelerated and became due immediately because the first loan is in arrears. BFFSB claims the Debtor used all of their business assets as collateral to secure the second loan. (Docket No. 15 at para. 8)  BFFSB filed its UCC on March 22, 2006. (See Exhibit A)

7. Harris, N.A. ("Harris") filed a Motion for Relief from the Automatic Stay, on March 9, 2010 claiming that their secured claim took priority over BFFSB's lien. (See Docket No. 30)  In support, Harris attached a copy of its loan documents and UCC financing statement showing that it perfected its security instrument on August 4, 2004. (See Exhibit B).

8. The Debtor believes that BFFSB's lien is junior to the claims made by the IRS and Harris. Therefore, the Court should not entertain any motion that will prejudice the IRS or Harris by depleting the assets of the estate. Only after the Court resolves the superior lien holders' claims or the Court determines that BFFSB's claims will not impair or prejudice the superior liens should the Court consider BFFSB to modify the automatic stay.

9. Even still, after reviewing BFFSB's motion and exhibits, the real property it seeks to foreclose upon is worth $550,000 while BFFSB's mortgage on the real property is allegedly

2

$417,633.53.[1]  While BFFSB claims that the second loan agreement incorporates a mortgage, the documentation only provides for a security interest in "all business assets and personal property." (See Exhibit C).  BFFSB did not include an executed mortgage with its motion to modify the automatic stay.

10.  Since the Debtor has insurance in place and there is an equity cushion of over $132,000, BFFSB is fully protected against any loss or casualty.

11.  Finally, to answer BFFSB, the Debtor is a corporation and cannot file Schedules I and J.

WHEREFORE, the Debtor, Unicorn Oil Corporation, respectfully requests that this Honorable Court deny BankFinancial FSB's motion to modify the automatic stay or in the alternative seeks to continue BankFinancial FSB's motion until such time as the superior lien holders' rights have been determined and for other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

UNICORN OIL CORPORATION

By:   /s/  Michael V. Ohlman
      One of Debtors attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

---

[1] The Debtor disputes the amount contained in BFFSB's motion to lift the stay and the Debtor requests a full accounting.  Further, BFFSB has also not filed a claim.

3