# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNICORN OIL CORPORATION | ) | Case No. 10-02135 |
| | ) | |
| Debtor and Debtor in Possession. | ) | The Honorable Jack B. Schmetterer |
| | ) | |

## NOTICE OF FILING

To:   See attached service list

PLEASE TAKE NOTICE that on Tuesday, April 06, 2010 the undersigned filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, UNICORN OIL CORPORATION'S ANSWER TO HARRIS, N.A.'s MOTION TO MODIFY THE AUTOMATIC STAY, a copy of which is enclosed and is herewith served upon you, and at which time and place you may appear and be heard.

/s/ Michael V. Ohlman_____
One of Debtor's attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Michael V. Ohlman, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document to which it refers, on all parties entitled to service at the address listed below, by electronic filing through ECF or by fax, as set forth on the attached service list on April 6, 2010.

/s/ Michael V. Ohlman

1

## SERVICE LIST

**VIA FACSIMILE**

**Unicorn Oil Corporation**
**10115 South Torrence Ave**
**Chicago, Illinois 60617**

**By ECF Notice:**

**William T. Neary**
**Office of the U.S. Trustee, Region 11**
219 S. Dearborn, 8th Floor
Chicago, IL 60602
USTPRegion11.ES.ECF@usdoj.gov

**Harris, N.A.**
c/o Mr. Mark T. Hamilton
 Mr. Mark Van Donselaar
CHURCHILL, QUINN, RICHTMAN & HAMILTON, LTD.
P.O. Box 284
Grayslake, IL 60030

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNICORN OIL CORPORATION | ) | Case No. 10-02135 |
| | ) | |
| Debtor and Debtor in Possession. | ) | The Honorable Jack B. Schmetterer |
| | ) | |

**UNICORN OIL CORPORATION'S ANSWER TO HARRIS, N.A.'s**
**MOTION TO MODIFY THE AUTOMATIC STAY**

NOW COMES the Debtor and Debtor in Possession, UNICORN OIL CORPORATION (the "Debtor"), by and through its attorneys, FORREST L. INGRAM, P.C., and for its answer to Harris, N.A.'s Motion to Modify the Automatic Stay states as follows:

1.   The Debtor is an Illinois corporation having its principal offices at 10115 South Torrence Avenue, Chicago, IL 60617.

2.   On January 21, 2010, the Debtor and Debtor in Possession filed its petition for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.  The Debtor has retained possession of its assets and has continued the operation and management of its business.

3.   On March 9, 2010, Harris, N.A. (hereinafter referred to as "Harris"), filed its motion to modify the automatic stay pursuant to 11 U.S.C. Section 362(d).

4.   The Debtor does not deny Harris' legal arguments but instead is requesting a hearing to determine the validity of the amounts claimed by Harris in its motion to modify the automatic stay, its factual claim that it is not adequately protected by the equity cushion, and its claim that the property is not needed to successfully reorganize.

5. The Debtor disputes Harris' claim that "as of the date of filing of the Petition [sic] Debtor was indebted to Harris in the amount of $103,642.85." (See Docket #30 para. 10).

6. In fact, Harris' own documents show that the Debtor owed only $53,932.20 on December 28, 2009. (See Exhibit A, Harris, N.A. statement dated 12/28/09)

7. The Debtor intends to present evidence that in June of 2009, Harris was paid $50,000 to extinguish one-half of the loan. (See Exhibits A – I showing a decrease in payments between June and August). This amount was credited to the Debtor's account but was omitted from Harris' motion and supporting documentation.

8. Harris did not allege that it is not adequately protected but the Debtor will also show that it possesses enough assets to provide an equity cushion in the event Harris' claim must be satisfied. The Debtor will show that the total amount of its receivables, outstanding contracts and inventory is substantially larger than Harris' secured claim of $53,932.20.

9. The Debtor will provide the Court with evidence that the assets Harris is attempting to foreclose upon are necessary to its successful reorganization. The Debtor will show that its accounts receivables are necessary in order to pay its vendors and employees and the Debtor must be able to sell its inventory to continue operations.

10. A motion to use cash collateral is also before the Court and once a cash collateral order is in place, the Debtor will provide Harris with replacement liens and begin to make adequate protection payments.

WHEREFORE, the Debtor, Unicorn Oil Corporation, respectfully requests that this Honorable Court deny Harris, N.A.'s motion to modify the automatic stay and for other and further relief as this Honorable Court deems just and appropriate.

        Respectfully submitted,

        UNICORN OIL CORPORATION

    By:    /s/ Michael V. Ohlman
            One of Debtors attorneys

Forrest L. Ingram #3129032
Michael V. Ohlman #6294512
Philip Groben #6299914
FORREST L. INGRAM P.C.
79 West Monroe, Suite 900
Chicago, Illinois 60603
(312) 759-2838